# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDRO JIMENEZ,<br><br>    Defendant. | Case No.  1:06-cr-00419-LJO-BAM-1<br><br>ORDER RECALLING ORDER EXONERATING BAIL AND DIRECTING CLERK OF COURT TO RECONVEY BOND SECURED BY REAL PROPERTY TO SURETIES<br><br>(ECF No. 237)<br><br>ORDER DENYING APPLICATION FOR ORDER EXONERATING BAIL AND RELEASING REAL PROPERTY BOND<br><br>(ECF No. 232) |

As relevant here, on June 1, 2007, a bail review hearing was held as to Defendant Sandro Jimenez ("Defendant"). (ECF No. 87.)  Defendant was ordered released with conditions, including securing a $150,000 property bond. (Id.)  On December 15, 2006, Sureties Pedro M. Jimenez and Baselisa Jimenez ("Sureties") posted bail on behalf of Defendant by way of a real property bond secured by a lien against real property. (ECF No. 170, 172.)  The lien was recorded against the real property identified as Assessor's Parcel Number (APN):  089-016-086-000, located in Turlock, California, as security for Defendant's appearance. (Id.)  On December 11, 2018, the Hon. Lawrence J. O'Neill granted the Government's motion to dismiss and dismissed the indictment against Defendant without prejudice. (ECF No. 229.)

On February 10, 2026, Defendant and Sureties filed an application for an order exonerating bond and releasing the real property bond. (ECF No. 232.)[1] On February 11, 2026, the Government filed a non-opposition. (ECF No. 233.) Subsequently, the Government filed an opposition (ECF No. 236); however, the Court issued its Order Exonerating Bond and Directing Clerk of Court to Reconvey Bond Secured by Real Property to Sureties (ECF No. 237) before the Court could obtained the Government's opposition.

In light of the foregoing, the Court will recall its previous order (ECF No. 237) and now considers the application in light of the Government's opposition.

In opposition, the Government notes that when it filed its non-opposition, it was unaware of a collateral agreement in a related civil forfeiture case encumbering the property at issue here. That agreement requires payment of $79,200.00, the Government argues, before Defendant's and Sureties' application for release of the property bond should be granted. See United States v. Approximately $60,000.00 in U.S. Currency, et al., No. 1:07-cv-00623-LJO-DLB.

More specifically, the Government explains that on June 10, 2008, the Court issued a No Bail Warrant for Defendant's failure to appear in violation of the conditions of his release. (ECF No. 152.) About a year later, the civil forfeiture case resolved, with the Sureties' agreement to forfeit their interest in the seized assets and payment of $79,200.00 in exchange for the release of their property from the appearance bond. (See ECF No. 36-1, Stipulation for Final Judgment of Forfeiture; Release of Property Bond.) The Court adopted the terms of the stipulation and entered a Final Judgment of Forfeiture in the civil action on January 7, 2009. See United States v. Approximately $60,000.00 in U.S. Currency, et al., 1:07-cv-00623-LJO-DLB, ECF No. 37. The Final Judgment of Forfeiture was likewise filed in this case. (ECF No. 172.) On March 6, 2009, the Court entered an Amended Final Judgment, addressing that the disposition of the property bond would be resolved by a subsequent consent judgment or by instituting forfeiture bond proceedings. See United States v. Approximately $60,000.00 in U.S. Currency, et al., 1:07-cv-00623-LJO-DLB, ECF No. 39.

---

[1] The Court notes that Attorney Nelson F. Gomez represents Defendant and the Sureties. (ECF No. 232, p. 2.)

The Court has reviewed terms of the stipulation in civil forfeiture action and agrees with the Government that the application to release the bond must be denied until the terms of the stipulation are satisfied.  Payment of $79,200.00 is due and payable to the Clerk of the Court. Upon receipt of payment, the Government agrees that the Court may release the bond and reconvey the property to the Sureties.

Accordingly, the Court RECALLS its February 11, 2026 Order Exonerating Bond and Directing Clerk of Court to Reconvey Bond Secured by Real Property to Sureties.  (ECF No. 237.)

Upon review of the application and the Government's opposition, the Court DENIES WITHOUT PREJUDICE the application for an order exonerating bond and releasing the real property bond.  (ECF No. 232.)

IT IS SO ORDERED.

Dated:    **February 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge